DAVIDOFF HUTCHER & CITRON LLP  
*Proposed Attorneys for the Debtor*  
120 Bloomingdale Road, Suite 100  
White Plains, New York 10605  
(914) 381-7400  
Robert L. Rattet, Esq.  
Jonathan S. Pasternak, Esq.

Hearing Date: *August 6, 2021*  
Hearing Time: *10:00 a.m.*

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
----------------------------------------------------------------X  
In re:

FIFTEEN TWENTY SIX FIFTY SECOND LLC,

               Debtor.  
----------------------------------------------------------------X

Chapter 11  
Case No. 21-22397(RDD)

## NOTICE OF HEARING ON DEBTOR'S MOTION PURSUANT TO FED.R.CIV.P. RULE 34 AS INCORPORATED BY FED.R.BANKR.P. RULES 9014 AND 7034, FOR AN ORDER DIRECTING (I) ACCESS TO DEBTOR'S REAL PROPERTY; AND (II) GRANTING RELATED RELIEF

**PLEASE TAKE FURTHER NOTICE**, that upon the annexed motion (the "Motion") of the Debtor, the undersigned will move before the Honorable Robert D. Drain, Bankruptcy Judge, at the United States Bankruptcy Court, White Plains Division, 300 Quarropas Street, White Plains, New York 10601 on August 6, 2021 at 10:00 a.m. (the "Hearing"), or as soon thereafter as counsel may be heard, for entry of an order

1) Substantially in the form annexed to the Motion as Exhibit "1", directing 1526 52nd LLC and its principal Rivka Ashkenazi and her husband Sender (Alexander) Ashkenazi, his supposed charitable entity, Mesamche Lev-Viyoel Moishe Inc., an alleged month-to-month tenant, and any and all entities under the control and/or domination of Rivka and/or Sender Ashkenazi (the "Ashkenazi Parties") to grant access pursuant to Fed.R.Civ.P. Rule 34(a)(2) as made applicable by Fed.R.Bankr.P.

Rules 7034 and 9014 to the Debtor's multi-family residential property located at 1526 52nd Street, Brooklyn , New York 11219 (the "Real Property"); and

2) Such other and further relief as is just under the circumstances.

**PLEASE TAKE FURTHER NOTICE**, that the Hearing shall be held via Zoom Government. Parties requiring active participant access must register appearances in advance on the Court's calendar webpage in advance of the Hearing.

**PLEASE TAKE FURTHER NOTICE,** that objections, if any, to any of the relief requested in the Motion or the form of the proposed order granting the Motion shall be made in writing, filed with the Court on the Court's Electronic Case Filing System at www.ecf.nysb.uscourts.gov (Login and password required) with a copy delivered directly to Hon. Robert D. Drain and served upon the undersigned no later than July 30, 2021 at 4:00 p.m.

Dated:  White Plains, New York
        July 14, 2021

        DAVIDOFF HUTCHER & CITRON LLP
        *Proposed Attorneys for the Debtor*
        120 Bloomingdale Road, Suite 100
        White Plains, New York 10605
        (914) 381-7400

        By:  */s/ Jonathan S. Pasternak*
            Jonathan S. Pasternak
            Robert L. Rattet

DAVIDOFF HUTCHER & CITRON LLP    HEARING DATE: 8/6/2021
*Proposed Attorneys for the Debtor*    HEARING TIME: 10:00 A.M.
120 Bloomingdale Road
White Plains, New York 10605
(914)381-7400
Robert L. Rattet, Esq.
Jonathan S. Pasternak, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In Re:    Chapter 11

FIFTEEN TWENTY SIX FIFTY SECOND LLC,

    Case No.: 21-22397(RDD)

    Debtor.
-------------------------------------------------------------X

**MOTION BY DEBTOR PURSUANT TO FED.R.CIV.P. RULE 34 AS INCORPORATED BY FED.R.BANKR.P. RULES 9014 AND 7034, FOR AN ORDER DIRECTING (I) ACCESS TO DEBTOR'S REAL PROPERTY; AND <u>(II) GRANTING RELATED RELIEF</u>**

**TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:**

Fifteen Twenty Six Fifty Second LLC (the "Debtor"), by its proposed attorneys, Davidoff Hutcher & Citron LLP, as and for its motion, pursuant to Fed.R.Civ.P. Rule 34 as incorporated by Fed.R.Bankr.P. Rules 9014 and 7034, for an order, substantially in the form annexed hereto as Exhibit "1", directing 1526 52nd LLC and its principal Rivka Ashkenazi and her husband Sender (Alexander) Ashkenazi, his supposed charitable entity, Mesamche Lev-Viyoel Moishe Inc., an alleged month-to-month tenant, and any and all entities under the control and/or domination of Rivka and/or Sender Ashkenazi (the "Ashkenazi Parties") shortening the time provided by Fed.R.Civ.P. Rule 34(a)(2) as made applicable by Fed.R.Bankr.P. Rules 7034 and 9014 to grant access to the Debtor's multi-family residential property located at 1526 52nd Street, Brooklyn ,

647893v.1

New York 11219 (the "Real Property") in connection with the Debtor's marketing and sale of the Real Property, represents and says:

### I. BACKGROUND

1. The Debtor, through its predecessor in interest, Bluma, has primarily owned the Real Property since 2001. The Real Property consists of a multi-family residential property located at 1526 52nd Street, Brooklyn, New York 11219 which was developed by the Debtor's principal, Isaac Lefkowitz, on behalf of the Debtor's predecessor in interest, Bluma, Mr. Lefkowitz's spouse.

2. The Real Property was always intended as an investment property for the Debtor's principal's and spouse's children.

3. As set forth in detail in the Motion to Sell Property Free and Clear of Liens Under Section 363(f) and Approval of Bid and Auction Procedures In Connection with Sale filed July 14, 2021 (the "Sale Motion", ECF Docket No. 10) the Ashkenazi Parties are currently in unlawful possession of the Real Property and, via 1526 52nd LLC, an entity they control, somehow claim a disputed ownership interest in the Real Property.

4. The Ashkenazi Parties commenced pre-petition litigation against Bluma in State Court, entitled *1526 52nd LLC v. Bluma Lefkowitz*, Index No. 515379-18, pending in Supreme Court, Kings County (the "State Court Action").[1]

5. The Court should note the failure of the Ashkenazi Parties to make rental payments or the mortgage debt on the Real Property is in defiance of an order of Supreme Court, Kings County April 10, 2019 and filed April 16, 2019.

---

[1] The Debtor previously filed a notice of removal of this state court proceeding to the U.S. District Court for the Eastern District of New York, and the Notice of Removal was assigned 21 cv. 3838 (the "Removed Action") and assigned to the Hon. Brian M. Cogan., U.S. District Judge. The Debtor has recently withdrawn this Notice of Removal.

647893v.1                                        2

6. As a result of the unlawful possession, and the Ashkenazi Parties' failure to remit mortgage and utility payments as mandated by the State Court, the Debtor has no ability to generate income or, inter alia, service the existing mortgage of approximately $1,250,000, which mortgage is now in default, and has been deprived of such ability since 2014 when the dispute between the parties arose. Further, the Debtor has no ability to market the Real Property without immediate and unfettered access to the Real Property.

7. In order to mitigate any further loss or diminution of value, the Debtor, in its business judgment, has determined that the best and most efficient way to repay its legitimate creditors and preserve the equity for its member and his children beneficiaries, as always intended, is through a sale of the Real Property through a concerted and Bankruptcy Court authorized sale process.

8. The Debtor therefore filed the Chapter 11 case to either quickly resolve or have this Court efficiently adjudicate this long standing dispute with the Ashkenazi Parties, gain immediate access to the Property, market and sell the Property through the Sale Motion and pay all legitimate creditors in full with a hope to preserve the significant equity in the Property for the Lefkowitz's children after payment of all legitimate claims and interests in the Property from the proceeds of sale to be realized and conducted though a thorough and Court approved marketing and auction sale process designed to maximize the value of the Property, which has an approximate fair market value of $4,000,000.

9. The Debtor has heretofore filed: (1) an application to employ Rosewood Realty ("Broker") as real estate consultant and broker; and (2) the Sale Motion, to market and sell the property pursuant to a competitive bidding process and subsequent auction, if necessary.

## Marketing Efforts

10. The Property requires marketing in order to maximize its value upon sale.

11. In order to market the Real Property, the Broker requires immediate and complete access to prepare a marketing plan, fix a listing price and ultimately to show the Real Property to prospective purchasers.

12. The Debtor has historically been denied access for inspection of the Real Property.

### III.  RELIEF REQUESTED

13. The Debtor therefore seeks, pursuant to Fed.R.Civ.P. Rule 34(a)(2) as incorporated by Fed.R.Bankr.P. Rules 7034 and 9014, an order shortening the time, as provided by Fed.R.Civ.P. Rule 34(a)(2) made applicable by Fed.R.Bankr.P. Rules 7034 and 9014 to require that the Ashkenazi Parties immediately permit access and entry to the Broker so that Debtor, through the Broker, may inspect, measure, survey, photograph, or appraise the Real Property.

14. A copy of the notice pursuant to Fed.R.Bankr.P. Rule 7034 and 9014 as incorporating Fed.R.Civ.P. Rule 34(a)(2) is annexed hereto as **Exhibit "2"**. Fed.R.Civ.P. Rule 34(a)(2) provides:

> (a) In General. A party may serve on any other party a request within the scope of Rule 26(b):
> (2) to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

15. The Debtor is proceeding under discovery rules made applicable by Fed.R.Bankr.P. Rule 9014, since the Sale Motion creates a contested matter, making applicable Fed.R.Civ.P. Rules 26-37 and made applicable by Fed.R.Bankr.P. Rules 7026-7037.

16. Accordingly, the Debtor requests the entry of an Order directing that Ashkenazi Parties grant access on immediate and unfettered access to the Debtor via the Broker.

17.     In addition, 11 U.S.C. § 105(a) provides further authority for this relief, allowing the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

**Notice**

18.     Applicant intends to serve this Motion by email upon appearing counsel for 1526 52nd LLC, Paul Rubin, Esq., and the Ashkenazi Parties directly, copied to their counsel in the State Court Action. The Debtor submits that this notice is appropriate under the circumstances.

**Proposed Order**

19.     A proposed Order is annexed as **Exhibit "1"**.

20.     Access should be granted by the Ashkenazi Parties to the Broker at a date to be set by the Court no later than seven days from entry of the Order.

**WHEREFORE,** the Debtor requests that the Court enter an order, substantially in the form annexed hereto as Exhibit "1", granting the Broker immediate access to the Real Property, and for such other and further relief this Court deems just and proper.

Dated: White Plains, New York
         July 14, 2021

                              DAVIDOFF HUTCHER & CITRON LLP

                              /s/ *Jonathan S. Pasternak*

                              By: _____
                                  *Jonathan S. Pasternak*
                              120 Bloomingdale Road
                              White Plains, New York 10605
                              (914) 381-7400

                              *Attorneys for the Debtor*

647893v.1                              5

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In Re:                                                                    Chapter 11

FIFTEEN TWENTY SIX FIFTY SECOND LLC,
                                                                          Case No.: 21-22397(RDD)
                                    Debtor.
------------------------------------------------------------X

**(PROPOSED) ORDER SHORTENING TIME FOR RESPONSE TO REQUESTS PURSUANT TO FED.R.CIV.P. RULE 34 AS INCORPORATED BY FED.R.BANKR.P. RULES 9014 AND 7034 FOR (I) ACCESS TO DEBTOR'S REAL PROPERTY; AND (II) GRANTING RELATED RELIEF**

Upon the Application (the "Application") of Fifteen Twenty Six Fifty Second LLC (the "Debtor") for an order directing 1526 52nd LLC and its principal Rivka Ashkenazi and her husband Sender (Alexander) Ashkenazi, his supposed charitable entity, Mesamche Lev-Viyoel Moishe Inc., an alleged month-to-month tenant, and any and all entities under the control and/or domination of Rivka and/or Sender Ashkenazi (the "Ashkenazi Parties") to grant access to the Debtor's multi-family residential property located at 1526 52nd Street, Brooklyn , New York 11219 (the "Real Property") pursuant to Fed.R.Civ.P. Rule 34(a)(2) (the "Discovery Requests") as incorporated by Fed.R.Bankr.P. Rules 9014 and 7034, and the Court having reviewed the Application; and having determined that the relief requested is warranted; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and venue for this matter being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and  due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby

**ORDERED**, that the request for the shortening of time to respond to the Discovery Requests from thirty days to a requirement of immediate compliance is **GRANTED** as set forth herein.

Dated: White Plains, New York
       August __, 2021

                                                _____
                                               HONORABLE ROBERT D. DRAIN
                                               UNITED STATES BANKRUPTCY JUDGE

DAVIDOFF HUTCHER & CITRON LLP
*Proposed Attorneys for the Debtor*
120 Bloomingdale Road, Suite 100
White Plains, New York 10605
(914) 381-7400
Jonathan S. Pasternak, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:                                                                    Chapter 11
                                                                                Case No. 21-22397(RDD)
FIFTEEN TWENTY SIX FIFTY SECOND LLC,

                                                                                Debtor.
-------------------------------------------------------------X

## DEBTOR'S FIRST REQUEST FOR ENTRY AND ACCESS TO REAL PROPERTY TO 1526 52ND LLC, MESAMCHE LEV-VIYOEL MOISHE INC., AND RIVKA AND SENDER A/K/A ALEXANDER ASHKENAZI

Pursuant to Rule 34(a)(2) of the Federal Rules of Civil Procedure, as applicable to this proceeding by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Fifteen Twenty Six Fifty Second LLC (the "Debtor") requests that 1526 52nd LLC and its principal Rivka Ashkenazi and her husband Sender (Alexander) Ashkenazi, his supposed charitable entity, Mesamche Lev-Viyoel Moishe Inc., an alleged month-to-month tenant, and any and all entities under the control and/or domination of Rivka and/or Sender Ashkenazi (the "Ashkenazi Parties") permit entry onto designated land or other property possessed or controlled by the responding party, to wit, the Debtor's multi-family residential property located at 1526 52nd Street, Brooklyn, New York 11219 (the "Real Property"), so that the requesting party may immediately permit access and entry to Rosewood Realty Group (the "Broker") so that

Debtor, through the Broker, may inspect, measure, survey, photograph, and appraise the Real Property, and show the Real Property to prospective purchasers.

**DEFINITIONS**

A.    For purposes of responding to these Requests, the Uniform Definitions in Discovery Requests set forth in Local Rule 26.3 of the United States District Court for the Southern District of New York, as adopted by the United States Bankruptcy Court for the Southern District of New York, are deemed incorporated into these Definitions as if fully set forth in the Requests.

B.    All phrases following the terms "including without limitation," "including, but not limited to," or "including" are intended to illustrate the kinds of matters that are responsive to the request.  Such examples are not intended to be exhaustive of the materials sought and shall not in any way be read to limit the scope of the request.

C.    The "Ashkenazi Parties means 1526 52nd LLC and its principal Rivka Ashkenazi and her husband Sender (Alexander) Ashkenazi.

D.    "Contested Matter" or "Sale Motion" means the Motion to Sell Property Free and Clear of Liens Under Section 363(f) and Approval of Bid and Auction Procedures In Connection with Sale filed July 14, 2021 (ECF Docket No. 10).

E.    "Concern," "concerns" or "concerning" means consisting of, relating to, referring to, regarding, reflecting, evidencing, containing, constituting or connecting in any way, logically or factually, to an item described in this Request.

F.    "Person" means any individual or entity, including, but not limited to, a corporation, limited liability company, partnership, or limited partnership.

G.    "Relating to" is intended to be inclusive and expansive and mean referring to, regarding, relating to, embodying, pertaining to, constituting, concerning, comprising, reflecting,

2

identifying, discussing, evidencing, or having any logical or factual connection whatsoever with the subject matter in question.

      H.      "You" or "Your" means the Ashkenazi Parties.

## INSTRUCTIONS

      A.      Each paragraph and subparagraph in a request shall be construed independently and not with reference to any other paragraph or subparagraph for the purpose of limitation.

      B.      In responding to these Requests, you should state a date and time that the Real Property will be made available to the Broker for the purposes stated herein.

      C.      If you are unable to grant access to the Real Property, state or describe: (i) the reasons for the inability to grant such access, (ii) the date the Real Property became inaccessible to access; and (iii) the reasons for such inaccessibility.

## INTERROGATORIES

      1.      If you are unable to grant access to the Real Property, state or describe: (i) the reasons for the inability to grant such access, (ii) the date the Real Property became inaccessible to access; and (iii) the reasons for such inaccessibility.

## **REQUESTS FOR ENTRY ONTO LAND**

1.  Plaintiff, pursuant to Federal Rule 34(a)(2), requests that the Defendant permit entry onto the Real Property, so that the Debtor, through the Broker, may inspect, measure, survey, photograph, and appraise the Real Property, and show the Real Property to purchasers, as may be appropriate.

Dated: July 14, 2021
New York, New York

**DAVIDOFF HUTCHER & CITRON LLP**

*/s/ Jonathan S. Pasternak*

*Jonathan S. Pasternak*

120 Bloomingdale Road, Suite 100
White Plains, New York 10605
(914) 381-7400

*Counsel for Debtor*

TO:

BY ELECTRONIC MAIL TO:

Rivka Ashkenazi
Sender (Alexander) Ashkenazi
1526 52nd LLC
1526 52nd Street
Brooklyn , New York 11219

Rachelle Rosenberg, Esq.

Paul Rubin, Esq.
Rubin LLC