# EXHIBIT A

FILED: KINGS COUNTY CLERK 12/18/2020 11:45 AM
NYSCEF DOC. NO. 137
INDEX NO. 515379/2018
RECEIVED NYSCEF: 12/18/2020

21-22397-rdd  Doc 17-1  Filed 07/16/21  Entered 07/16/21 14:17:16  Exhibit
Exhibits A - B  Pg 2 of 18

A 125—Standard N.Y.B.T.U. Form 8041 — Contract of Sale.    DATE CODE    JULIUS BLUMBERG, INC. PUBLISHER, NYC 10013

**WARNING:**
NO REPRESENTATION IS MADE THAT THIS FORM OF CONTRACT FOR THE SALE AND PURCHASE OF REAL ESTATE COMPLIES WITH SECTION 5-702 OF THE GENERAL OBLIGATIONS LAW ("PLAIN ENGLISH").
CONSULT YOUR LAWYER BEFORE SIGNING IT.

**NOTE: FIRE AND CASUALTY LOSSES:**
This contract form does not provide for what happens in the event of fire or casualty loss before the title closing. Unless different provision is made in this contract, Section 5-1311 of the General Obligations Law will apply. One part of that law makes a PURCHASER responsible for fire and casualty loss upon taking of title to or possession of the PREMISES.

**Date Parties**

CONTRACT OF SALE made as of the __1__ day of __APRIL__, __2014__
BETWEEN __BLIMA LEFKOWITZ & TOVA GREENBAUM__
Address: __1526 52nd ST, BROOKLYN, NY__

hereinafter called "SELLER"

who agrees to sell, and __RIVKA ASHKENAZI__

Address:

hereinafter called "PURCHASER"

who agrees to buy:

**Premises**

The property, including all buildings and improvements thereon (the "PREMISES"), more fully described on a separate page marked "Schedule A," and also known as:

Street Address: __1526 52nd STREET, BROOKLYN, NY__

Tax Map Designation: __BLOCK 5471, LOT 16__

Together with SELLER'S interest, if any, in streets and unpaid awards as set forth in Paragraph 9.

**Personal Property**

The sale also includes all fixtures and articles of personal property attached to or used in connection with the PREMISES, unless specifically excluded below. SELLER states that they are paid for and owned by SELLER free and clear of any lien other than the EXISTING MORTGAGE(S). They include but are not limited to plumbing, heating, lighting and cooking fixtures, bathroom and kitchen cabinets, mantels, door mirrors, venetian blinds, shades, screens, awnings, storm windows, window boxes, storm doors, mail boxes, weather vanes, flagpoles, pumps, shrubbery, fencing, outdoor statuary, tool sheds, dishwashers, washing machines, clothes dryers, garbage disposal units, ranges, refrigerators, freezers, air conditioning equipment and installations, and wall to wall carpeting.

Excluded from this sale are:

Furniture and household furnishings,

**Purchase price**

1. (a) The purchase price is                                $ 2,025,000

payable as follows:

On the signing of this contract, by check subject to collection:    $ 560,000

By allowance for the principal amount still unpaid on EXISTING MORTGAGE(S):  $ 1,465,000  APPROX

By a Purchase Money Note and Mortgage from PURCHASER (or assigns) to SELLER: $ ———

BALANCE AT CLOSING:                                          $ 0  APPROX

FILED: KINGS COUNTY CLERK 12/18/2020 11:45 AM
NYSCEF DOC. NO. 137
21-22397-rdd  Doc 17-1  Filed 07/16/21  Entered 07/16/21 14:17:16  Exhibit
Exhibits A - B  Pg 3 of 18
INDEX NO. 515379/2018
RECEIVED NYSCEF: 12/18/2020

(b) If this sale is subject to an EXISTING MORTGAGE, the Purchase Money Note and Mortgage will also provide that it will remain subject to the prior lien of any EXISTING MORTGAGE even though the EXISTING MORTGAGE is extended or modified in good faith. The Purchase Money Note and Mortgage shall be drawn on the standard form of New York Board of Title Underwriters by the attorney for SELLER. PURCHASER shall pay the mortgage recording tax, recording fees and the attorney's fee in the amount of $_____ for its preparation.

(c) If any required payments are made on an EXISTING MORTGAGE between now and CLOSING which reduce the unpaid principal amount of an EXISTING MORTGAGE below the amount shown in paragraph 2, then the balance of the price payable at CLOSING will be adjusted. SELLER agrees that the amount shown in Paragraph 2 is reasonably correct and that only payments required by the EXISTING MORTGAGE will be made.

(d) If there is a mortgagee escrow account that is maintained for the purpose of paying taxes or insurance, etc. SELLER shall assign it to PURCHASER, if it can be assigned. In that event PURCHASER shall pay the amount in the escrow account to SELLER at CLOSING.

**Existing mortgages**

2. The PREMISES will be conveyed subject to the continuing lien of "EXISTING MORTGAGE(S)" as follows: Mortgage now in the unpaid principal amount of $1,465,000 and interest at the rate of ___ per cent per year, presently payable in installments of $_____, which include principal, interest, and with any balance of principal being due and payable on 1/1/35

SELLER hereby states that no EXISTING MORTGAGE contains any provision that permits the holder of the mortgage to require its immediate payment in full or to change any other term thereof by reason of the fact of CLOSING.

**Acceptable funds**

3. All money payable under this contract unless otherwise specified, shall be either:

a. Cash, but not over one thousand ($1,000.00) Dollars,
b. Good certified check of PURCHASER, or official check of any bank, savings bank, trust company, or savings and loan association having a banking office in the State of New York, payable to the order of SELLER, or to the order of PURCHASER and duly endorsed by PURCHASER (if an individual) to the order of SELLER in the presence of SELLER or SELLER'S attorney.
c. Money other than the purchase price, payable to SELLER at CLOSING, may be by check of PURCHASER up to the amount of FIVE HUNDRED ($500) dollars, or
d. As otherwise agreed to in writing by SELLER or SELLER'S attorney.

**"Subject to" provisions**

4. The PREMISES are to be transferred subject to:
a. Laws and governmental regulations that affect the use and maintenance of the PREMISES, provided that they are not violated by the buildings and improvements erected on the PREMISES.
b. Consents for the erection of any structures on, under or above any streets on which the PREMISES abut.
c. Encroachments of stoops, areas, cellar steps, trim and cornices, if any, upon any street or highway.



**Title company approval**

5. SELLER shall give and PURCHASER shall accept such title as _____, a member of The New York Board of Title Underwriters will be willing to approve and insure in accordance with their standard form of title policy, subject only to the matters provided for in this contract.

**Closing defined and form of deed**

6. "CLOSING" means the settlement of the obligations of SELLER and PURCHASER to each other under this contract, including the payment of the purchase price to SELLER, and the delivery to purchaser of a deed in proper statutory form for recording so as to transfer full ownership (fee simple title) to the PREMISES, free of all encumbrances except as herein stated. The deed will contain a covenant by the SELLER as required by Section 13 of the Lien Law.

If SELLER is a corporation, it will deliver to PURCHASER at the time of CLOSING (a) a resolution of its Board of Directors authorizing the sale and delivery of the deed, and (b) a certificate by the Secretary or Assistant Secretary of the corporation certifying such resolution and setting forth facts showing that the transfer is in conformity with the requirements of Section 909 of the Business Corporation Law. The deed in such case shall contain a recital sufficient to establish compliance with that section.

| | |
|---|---|
| Closing date and place | 7. CLOSING will take place at the office of SELLER'S ATTORNEY at 10:00 o'clock on OR ABOUT 7/1/14 . |
| Broker | 8. PURCHASER hereby states that PURCHASER has not dealt with any broker in connection with this sale other than  and SELLER agrees to pay the broker the commission earned thereby (pursuant to separate agreement). |
| Streets and assignment of unpaid awards | 9. This sale includes all of SELLER'S ownership and rights, if any, in any land lying in the bed of any street or highway, opened or proposed, in front of or adjoining the PREMISES to the center line thereof. It also includes any right of SELLER to any unpaid award by reason of any taking by condemnation and/or for any damage to the PREMISES by reason of change of grade of any street or highway. SELLER will deliver at no additional cost to PURCHASER, at CLOSING, or thereafter, on demand, any documents which PURCHASER may require to collect the award and damages. |
| Mortgagee's certificate or letter as to existing mortgage(s) | 10. SELLER agrees to deliver to PURCHASER at CLOSING a certificate dated not more than thirty (30) days before the CLOSING signed by the holder of each EXISTING MORTGAGE, in form for recording, certifying the amount of the unpaid principal and interest, date of maturity, and rate of interest. SELLER shall pay the fees for recording such certificate. If the holder of a mortgage is a bank or other institution as defined in Section 274-a, Real Property Law, it may, instead of the certificate, furnish an unqualified letter dated not more than thirty (30) days before CLOSING containing the same information. SELLER hereby states that any EXISTING MORTGAGE will not be in default at the time of CLOSING. |
| Compliance with state and municipal department violations and orders *omit if the property is not in the City of New York* | 11. a. SELLER will comply with all notes or notices of violations of law or municipal ordinances, orders or requirements noted in or issued by any governmental department having authority as to lands, housing, buildings, fire, health and labor conditions affecting the PREMISES at the date hereof. The PREMISES shall be transferred free of them at CLOSING and this provision shall survive CLOSING. SELLER shall furnish PURCHASER with any authorizations necessary to make the searches that could disclose these matters.  b. All obligations affecting the PREMISES, incurred pursuant to the Administrative Code of the City of New York prior to CLOSING and payable in money shall be discharged by SELLER at CLOSING. This provision shall survive CLOSING. |
| Installment assessments | 12. If at the time of CLOSING the PREMISES are affected by an assessment which is or may become payable in annual installments, and the first installment is then a lien, or has been paid, then for the purposes of this contract all the unpaid installments shall be considered due and are to be paid by SELLER at CLOSING. |
| Apportionments | 13. The following are to be apportioned as of midnight of the day before the day of CLOSING: (a) Rents as and when collected. (b) Interest on EXISTING MORTGAGES. (c) Premiums on existing transferable insurance policies and renewals of those expiring prior to CLOSING. (d) Taxes, water charges and sewer rents, on the basis of the fiscal period for which assessed. (e) Fuel, if any. (f) Vault charges, if any.  If CLOSING shall occur before a new tax rate is fixed, the apportionment of taxes shall be upon the basis of the old tax rate for the preceding period applied to the latest assessed valuation.  Any errors or omissions in computing apportionments at CLOSING shall be corrected. This provision shall survive CLOSING. |
| Water meter readings | 14. If there be a water meter on the PREMISES, SELLER shall furnish a reading to a date not more than thirty days before CLOSING date and the unfixed meter charge and sewer rent, if any, shall be apportioned on the basis of such last reading. |
| Allowance for unpaid taxes, etc. | 15. SELLER has the option to credit PURCHASER as an adjustment of the purchase price with the amount of any unpaid taxes, assessments, water charges and sewer rents, together with any interest and penalties thereon to a date not less than five business days after        CLOSING, provided that official bills therefor computed to said date are produced at CLOSING. |
| Use of purchase price to pay encumbrances | 16. If there is anything else affecting the sale which SELLER is obligated to pay and discharge at CLOSING, SELLER may use any portion of the balance of the purchase price to discharge it. As an alternative SELLER may deposit the money with the title insurance company employed by PURCHASER required by it to assure its discharge, but only if the title insurance company will insure PURCHASER'S title clear of the matter. Upon request, made within a reasonable time before CLOSING, the PURCHASER agrees to provide separate certified checks as requested to assist in clearing up these matters. |
| Affidavit as to judgments, bankruptcies etc. | 17. If a title examination discloses judgments, bankruptcies or other returns against persons having names the same as or similar to that of SELLER, SELLER shall deliver a satisfactory detailed affidavit at CLOSING showing that they are not against SELLER. |
| Deed transfer and recording taxes | 18. At CLOSING, SELLER shall deliver a certified check payable to the order of the appropriate State, City or County officer in the amount of any applicable transfer and/or recording tax payable by reason of the delivery or recording of the deed, together with any required tax return. PURCHASER agrees to duly complete the tax return and to cause the check(s) and the tax return to be delivered to the appropriate officer promptly after CLOSING. |
| Purchaser's lien | 19. All money paid on account of this contract, and the reasonable expenses of examination of the title to the PREMISES and of any survey and survey inspection charges are hereby made liens on the PREMISES and collectable out of the PREMISES. Such liens shall not continue after default in performance of the contract by PURCHASER. |
| Seller's inability to convey limitation of liability | 20. If SELLER is unable to transfer title to PURCHASER in accordance with this contract, SELLER'S sole liability shall be to refund all money paid on account of this contract, plus all charges made for: (i) examining the title, (ii) any appropriate additional searches made in accordance with this contract, and (iii) survey and survey inspection charges. Upon such refund and payment this contract shall be considered cancelled, and neither SELLER nor PURCHASER shall have any further rights against the other. |
| Condition of property | 21. PURCHASER has inspected the buildings on the PREMISES and the personal property included in this sale and is thoroughly acquainted with their condition. PURCHASER agrees to purchase them "as is" and in their present condition subject to reasonable use, wear, tear, and natural deterioration between now and CLOSING. PURCHASER shall have the right, after reasonable notice to SELLER, to inspect them before CLOSING. |

FILED: KINGS COUNTY CLERK 12/18/2020 11:45 AM
NYSCEF DOC. NO. 137
21-22397-rdd  Doc 17-1  Filed 07/16/21  Entered 07/16/21 14:17:16  Exhibit
Exhibits A - B  Pg 5 of 18
INDEX NO. 515379/2018
RECEIVED NYSCEF: 12/18/2020

| | |
|---|---|
| Entire agreement | 22. All prior understandings and agreements between SELLER and PURCHASER are merged in this contract. It completely expresses their full agreement. It has been entered into after full investigation, neither party relying upon any statements made by anyone else that is not set forth in this Contract. |
| Changes must be in writing | 23. This Contract may not be changed or cancelled except in writing. The contract shall also apply to and bind the distributee heirs, executors, administrators, successors and assigns of the respective parties. Each of the parties hereby authorize their attorneys to agree in writing to any changes in dates and time periods provided for in this contract. |
| Singular also means plural | 24. Any singular word or term herein shall also be read as in the plural whenever the sense of this contract may require it. |

In Presence Of:

_____
_____

STATE OF NEW YORK, COUNTY OF            ss.:
On                     19    , before me personally came                     to me known,
who, being by me duly sworn, did depose and say that deponent
resides at No.
deponent is                     of
                    the corporation described in and which
executed, the foregoing instrument; deponent knows the seal of
said corporation; that the seal affixed to said instrument is such
corporate seal; that it was so affixed by order of the Board of
Directors of said corporation; deponent signed deponent's name
thereto by like order.

STATE OF NEW YORK, COUNTY OF            ss.:
On                     19    , before me personally came
sonally came
to me known to be the individual   described in, and who executed the foregoing instrument, and acknowledged that   he
executed the same.

Adjournment  Closing of title under this Contract is adjourned to                 19    , at              o'clock,
at
and all adjustments are to be made as of                 19
Assignment  Date:                 19
For value received, this Contract is assigned to
                                                                     and Assignee assumes all obligations of the purchaser in the Contract.

_____
Purchaser

_____
Assignee of Purchaser

**Contract of Sale**                                      PREMISES

Title No.                                                Section
_____                         Block
                                                        Lot
                                                        County or Town
                                                        Street Numbered Address

TO                                                      Tax Billing Address

                                                        RECORD AND RETURN BY MAIL TO:

                                                        ┌─────────────────────────┐
                                                        │                         │
                                                        │                         │
                                                        │                         │
                                                        │                 Zip No. │
                                                        └─────────────────────────┘

FILED: KINGS COUNTY CLERK 12/18/2020 11:45 AM
NYSCEF DOC. NO. 137
INDEX NO. 515379/2018
RECEIVED NYSCEF: 12/18/2020
21-22397-rdd   Doc 17-1   Filed 07/16/21   Entered 07/16/21 14:17:16   Exhibit
Exhibits A - B   Pg 6 of 18

RIDER TO CONTRACT

Seller:                Bluma lefkowitz and Tova Greenbaum

PURCHASER:             Rivka Ashkenazi

PREMISES:              1526 52nd Street, Brooklyn, NY

CONTRACT DATED:                 , 2014

---

1. Said premises are sold subject to:

   (a) Any state of facts an accurate survey may show or a personal inspection may disclose, provided same does not render title unmarketable.

   (b) Covenants, restrictions, easements and reservations of record, if any, provided same are not violated by the present structure, and provided same do not render title unmarketable,

   (c) Party wall and sewer agreements, if any, of record.

   (d) Minor possible encroachments of retaining walls, cellar doors, fences, fire escapes, if any, and variation between record line and fences and tax map, provided same does not render title uninsurable.

   (e) Rights, if any, acquired by any utility company to maintain and operate lines, cables, poles and boxes in, over and upon said premises, provided same does not prohibit present use of the premises.

2. In the event that at the time of the closing of title other liens and encumbrances appear of record against these premises not mentioned in this contract, and such liens and/or encumbrances may be satisfied by a payment of monies, then it is agreed that such liens and/or encumbrances shall not be a bar to the closing of title hereunder, provided a sum of money sufficient to satisfy and clear the record of such liens and encumbrances shall be deposited with the attorney for the Purchaser or the title company to secure the removal of the same and provided same is acceptable to the title company. Seller shall pay and remove of record all liens, fines and penalties, except the mortgage dated 12/16/04 subject to which the premises is being purchased.

3. Unpaid liens for taxes, water charges and assessments shall not be objections to title, but the amount thereof, plus interest and penalties thereof, shall be deducted from the cash consideration to be paid hereunder and allowed to the Purchaser,

FILED: KINGS COUNTY CLERK 12/18/2020 11:45 AM
NYSCEF DOC. NO. 137
INDEX NO. 515379/2018
RECEIVED NYSCEF: 12/18/2020

21-22397-rdd   Doc 17-1   Filed 07/16/21   Entered 07/16/21 14:17:16   Exhibit
Exhibits A - B   Pg 7 of 18

subject to the provisions for apportionment of taxes and water charges contained herein, provided same is acceptable to title company.

4. (a) If the cost of removal of violations required to be removed by the Seller pursuant to the provisions of this contract shall be in excess of $25,000.00, the Seller is hereby granted an option to withdraw from this contract, in which event Seller shall refund to Purchaser the monies paid hereunder, together with the net cost of examination of title and any survey actually incurred by Purchaser, not exceeding rates usually charged by title companies authorized to do business in New York City where no policy is issued and where title shall fail to close; whereupon this contract shall become null and void without further liability from either party to the other unless Purchaser shall agree to take title subject to said violations and assume the performance thereof and receive an abatement in reduction of the purchase price in the sum of $25,000.00. The options herein granted shall be exercised by notice in writing by either party on or before the time fixed for closing by certified mail, return receipt requested.

(b) Violations that may be required to be removed by Seller shall not constitute objections to title provided Seller, at closing, deposits with his attorneys a sum reasonably sufficient to remedy and cures said violations within ninety (90) days from the date of closing and submit proof of the discharge of said violations of record to Purchaser or his attorney within one hundred twenty (120) days from the date of closing, at which time escrow to be released to Purchaser.

(c) A sum sufficient shall be that sum agreed by the attorney for the buyer and Seller and if said parties cannot agree, then both attorneys shall choose an independent contractor whose decision as to said amount shall be deemed final and binding on all parties.

5. (a) The Seller has not made and does not take any representations as to the physical conditions, income, expenses, operation, or any other matter or thing affecting or relating to the aforesaid premises except as herein specifically set forth. The Purchaser hereby expressly acknowledges that no such representations have been made. The Purchaser has inspected the premises and agrees to take the premises "as is" in its present physical condition and the Seller has made no representation or warranty other than set froth herein with reference to physical condition. The Seller shall not be liable or bound in any way by any verbal or written statements, representations, real estate broker "set-ups" or information pertaining to the above premises furnished by any real estate broker, agent, employee, servant, or other person unless the same are specifically set forth herein.

(b) Seller represents that at the closing of title or date of possession, whichever is later, the plumbing, heating and

-2-

FILED: KINGS COUNTY CLERK 12/18/2020 11:45 AM
NYSCEF DOC. NO. 137
21-22397-rdd   Doc 17-1   Filed 07/16/21   Entered 07/16/21 14:17:16   Exhibit
            Exhibits A - B    Pg 8 of 18
INDEX NO. 515379/2018
RECEIVED NYSCEF: 12/18/2020

electrical systems will be in working order, with the roof and basement free of leaks.

(c) The Purchaser shall have the right of inspection of the premises within forty-eight (48) hours prior to date of closing.

6. In the event of the Seller's default, except willful, in failing to deliver title in accordance with the terms of this contract; or Seller is unable to convey good and marketable title to said premises, free from encumbrances, restrictions, objections, easements, liens, violations or other defects, except as herein specified, the Purchaser shall, at his election, have the right to accept such title as Seller is able to convey without any claim on the part of the Purchaser for abatement for defects, or objections, or the Purchaser shall have the right to rescind this contract, upon which rescission, pursuant to this paragraph, the Purchaser shall be entitled to the return of the amount paid hereunder, plus the cost of title examination and survey, actually incurred in an amount not exceeding the established rates of title companies authorized to business in the City of New York where no title is issued and such title shall fail to close and upon such repayment this contract shall be null and void and of no force or effect and the Seller shall then be under no obligation or liability whatsoever to the Purchaser for any damages that the purchase may have sustained by reason of the Seller's failure to convey title hereunder.

7. The Purchaser agrees that at least thirty (30) days before the date set for closing of title hereunder said Purchaser will advise Norman Seidenfeld, Esq. in writing, addressed to his office at 5807 12th Avenue, Brooklyn, New York 11219 of any objections or exceptions which may be returned by the title company or anyone else examining title to such premises and if it appears from such objections or exceptions that time will be required within which to remove the same, then in such event the Seller shall have reasonable adjournments of closing of title from time to time not to exceed ninety (90) days within which to clear such objections, and all adjustments shall be made as of the date of closing. Receipt of title report shall be deemed notice of all information therein.

8. Purchaser has the right, at the Purchaser's cost, to have the premises inspected for the purchase of determining the existence of termite or other wood boring insect infestation or damage. In the event termite or other wood boring insect infestation or damage is found, a copy of the report issued by the examining expert making such inspection shall be served upon the Seller's attorney within ten (10) days from the date hereof. Upon receipt of such report by the Seller's attorney, Seller may do one of the following:

(a) Treat the termite or other wood boring insect condition and repair any such damage at Seller's expense, and furnish

-3-

FILED: KINGS COUNTY CLERK 12/18/2020 11:45 AM
NYSCEF DOC. NO. 137
21-22397-rdd   Doc 17-1   Filed 07/16/21   Entered 07/16/21 14:17:16   Exhibit
Exhibits A - B   Pg 9 of 18
INDEX NO. 515379/2018
RECEIVED NYSCEF: 12/18/2020

the Purchaser with a one (1) year guarantee from the treating expert against re-infestation, in which event Purchaser shall complete this agreement pursuant to the terms hereof; or

(b) Seller may cancel this contract by refunding the sums paid hereunder by the Purchaser, unless Purchaser shall agree to proceed to close with a credit of $1,000 or cost of repair, whichever is less.

Notice of Seller's intent to exercise either option shall be mailed to Purchaser's attorney within ten (10) days after the receipt of the termite or other wood boring insect report or damage. In the event Purchaser shall fail to have the premises inspected or shall fail to serve a copy of the report aforesaid, postmarked no later than ten (10) days from the date hereof, the Purchaser shall be deemed to have waived the provisions of this clause and this contract shall remain in full force and effect.

(c) Said mailings shall be by certified mail, return receipt requested.

9. The parties herein agree that no broker brought about this sale.

10. Seller represents that the premises is a legal ~~one~~ 2 family dwelling.

11. In no event shall the incorrectness or inaccuracy of any warranty or representation made by Seller hereunder provide a basis for a claim for damages or abatement of purchase price. It being the intention of the parties that if such breach or warranty or any misrepresentation occur, the sole and exclusive remedy of Purchaser shall be a cancellation of this contract of sale prior to the closing of title pursuant hereto.

12. This contract cannot be assigned without the express written consent of the Seller.

13. Seller shall deliver the premises vacant and in broom clean condition.

14. A memorandum of this contract may be recorded at the request of the Purchaser. Seller shall cooperate in completing and signing any and all recording forms and signing memorandum of contract required to record same.

15. If Purchaser fails to perform its obligation hereunder, pursuant to the terms of this contract, then, at Seller's option, on five (5) days written notice to Purchaser or his attorney, the deposit and all other amounts paid under this contract may be retained by Seller as liquidated damages and thereupon this contract and all rights of either party as against the other party hereunder shall

-4-

FILED: KINGS COUNTY CLERK 12/18/2020 11:45 AM
NYSCEF DOC. NO. 137
21-22397-rdd   Doc 17-1   Filed 07/16/21   Entered 07/16/21 14:17:16   Exhibit
Exhibits A - B   Pg 10 of 18
INDEX NO. 515379/2018
RECEIVED NYSCEF: 12/18/2020

become null and void and neither party shall have any rights or remedies against the other.

16. All notices or demands to be given under this contract of sale by one party to the other shall be in writing and shall be served by personal delivery or registered or certified mail, return receipt requested, addressed to the Purchaser c/o Norman Seidenfeld, 5807 12th Avenue, Brooklyn, New York, 11219 and to the Seller c/o Eli Feit, Esq., Heller, Horowitz & Feit PC, 260 Madison Avenue, New York, New York 10016. All notices, demands or other communications required hereunder shall be deemed given when deposited in the U.S. mail or overnight carrier or, in the case of personal delivery, on the date of such delivery. All notices, demands, receipts or other communications signed by the attorneys for the respective parties shall be deemed signed with the meaning of this paragraph without the signatures of the parties themselves.

17. It is agreed between Seller and Purchaser that the proceeds of the down payment in the amount of $560,000 may be released to Seller.

18. No warranties or representations of Seller or Purchaser contained in this contract of sale shall survive the closing of title unless expressly provided for herein. The delivery of the deed by Seller and the acceptance of same by Purchaser shall be deemed the full performance and compliance with the obligations and covenants to be performed by Seller under the terms and conditions of this contract of sale.

19. This contract is not conditioned on Purchaser obtaining a mortgage on the Premises.

20. Whenever the provisions of this Rider conflict with any other provision of this Contract, the provisions of this Rider shall prevail.

21. Seller does not intend to deliver a Property Condition Disclosure Statement pursuant to Article 14 of the Real Property Law, and Purchaser has acknowledged that it has already received the $500 credit.

22. Purchaser agrees to make timely payments of all amounts due on the existing mortgage. In addition, Purchaser shall pay off in full all amounts due on the existing mortgage by no later than the 3rd anniversary of the closing date.

-5-

FILED: KINGS COUNTY CLERK 12/18/2020 11:45 AM
NYSCEF DOC. NO. 137
21-22397-rdd   Doc 17-1   Filed 07/16/21   Entered 07/16/21 14:17:16   Exhibit
Exhibits A - B    Pg 11 of 18
INDEX NO. 515379/2018
RECEIVED NYSCEF: 12/18/2020

*intentionally left blank*



-6-

FILED: KINGS COUNTY CLERK 12/18/2020 11:45 AM
NYSCEF DOC. NO. 137
21-22397-rdd    Doc 17-1    Filed 07/16/21    Entered 07/16/21 14:17:16    Exhibit
Exhibits A - B    Pg 12 of 18
INDEX NO. 515379/2018
RECEIVED NYSCEF: 12/18/2020

ADDITIONAL RIDER TO CONTRACT

Seller:            Bluma lefkowitz and Tova Greenbaum

Purchaser:         Rivka Ashkenazi

PREMISES:          1526 52nd Street, Brooklyn, NY

CONTRACT DATED:           , 2014

23. In addition to any and all amounts agreed to by the Purchaser and the Seller with respect to the sale of the Premises, the Purchaser shall pay to the Seller on or before closing an additional amount in good funds equal to $2,000,000.00, of which $440,000 shall be paid on or before May 31, 2014. Said amount is in consideration for any and all the furniture and fixtures and other items that Seller is selling to Purchaser at the closing of the premises.

24. Seller has agreed to make a donation of $18,000 to Mesamche lev on or before closing.

25. Purchaser shall pay all transfer and recording taxes.

# EXHIBIT B

FILED: KINGS COUNTY CLERK 12/18/2020 11:45 AM
NYSCEF DOC. NO. 143
21-22397-rdd   Doc 17-1   Filed 07/16/21   Entered 07/16/21 14:17:16   Exhibit
Exhibits A - B   Pg 14 of 18
INDEX NO. 515379/2018
RECEIVED NYSCEF: 12/18/2020

Re: 52 st

From: Jack Lefkowitz (jacklefkowitz@gmail.com)
To: bhy11219@yahoo.com
Date: Sunday, March 23, 2014 02:59 PM EDT

We will consider option 3 conditioned on the following.

A) Condo needs to be finished with kitchen and bathrooms, painted and scraped to move-in condition.

B) A storage room in bsmnt.

C) Guarantee on the CofO and common area finishes.

D) First right of refusal on small condo.

E) Closing now.

F) Occupancy July-Aug.

G) Net 1,285 the way we discussed.

On Mar 18, 2014, at 7:30 PM, ale ash <bhy11219@yahoo.com> wrote:

Hi Isaac, the price in bp for brand new condos is from 440 to 450 sq foot ( going up almost every day) the small condo is total 2059 sqf( may be more)
I am ready to give it for 425 $ sqf total 875.000

the big condo will be 3741 sqf ready to give it for 400 $ sqf total 1.5000.000 ( less 3600 $)

I thought over the whole think and all kind of options what I could really do and I came up with these 4 options:

Option 1: 4,000,000 all cash

Option 2: 4,100,000 paid as follows 1,465,000 mortgage takeover 875,000 small condo and 1,760,000 cash

Option 3: 4,250,000 paid as follows 1,465,000 mortgage takeover 1,500,000 big condo and 1,285,000 cash

Option 4: 4,320,000 paid as follows 1,465,000 mortgage takeover 1,500,000 condo 875,000 small one and 480,000 cash

FILED: KINGS COUNTY CLERK 12/18/2020 11:45 AM
NYSCEF DOC. NO. 143
21-22397-rdd   Doc 17-1   Filed 07/16/21   Entered 07/16/21 14:17:16   Exhibit
Exhibits A - B   Pg 15 of 18
INDEX NO. 515379/2018
RECEIVED NYSCEF: 12/18/2020

Please let me know which one you would prefer to go with and then we can talk on how you would like to proceed

all the best sender

FILED: KINGS COUNTY CLERK 12/18/2020 11:45 AM
NYSCEF DOC. NO. 145
INDEX NO. 515379/2018
RECEIVED NYSCEF: 12/18/2020

21-22397-rdd   Doc 17-1   Filed 07/16/21   Entered 07/16/21 14:17:16   Exhibit
Exhibits A - B   Pg 16 of 18

1526 Cheshbon

From: Jack Lefkowitz (jacklefkowitz@gmail.com)

To: bhy11219@yahoo.com

Date: Wednesday, July 9, 2014, 03:34 PM EDT

| | |
|---|---|
| Sale | $(4,025,000.00) |
| Central | $1,469,477.15 |
| 1st Deposit | $560,000.00 |
| 2nd deposit | $440,000.00 |
| Newman | $1,099,451.24 |
| Wiesel | $21,500.00 |
| Mesamchai | $18,000.00 |
| **Balance** | $(416,571.61) |

Jack Lefkowitz

646-623-5200

FILED: KINGS COUNTY CLERK 12/18/2020 11:45 AM
NYSCEF DOC. NO. 149
21-22397-rdd   Doc 17-1   Filed 07/16/21   Entered 07/16/21 14:17:16   Exhibit
Exhibits A - B   Pg 17 of 18
INDEX NO. 515379/2018
RECEIVED NYSCEF: 12/18/2020

## 1526 Cheshbon

From: Jack Lefkowitz (jacklefkowitz@gmail.com)

To: bhy11219@yahoo.com

Date: Sunday, July 20, 2014 05:17 PM EDT

1526 Cheshbon.xlsx
10.2kB

FILED: KINGS COUNTY CLERK 12/18/2020 11:45 AM
NYSCEF DOC. NO. 149
INDEX NO. 515379/2018
RECEIVED NYSCEF: 12/18/2020

21-22397-rdd    Doc 17-1    Filed 07/16/21    Entered 07/16/21 14:17:16    Exhibit
Exhibits A - B    Pg 18 of 18

| CK # | Amount | |
|---|---|---|
| 4390 | $ | 240,000 |
| 4391 | $ | 30,000 |
| 4392 | $ | 21,000 |
| 4393 | $ | 55,000 |
| 4394 | $ | 51,000 |
| 4395 | $ | 45,000 |
| 4396 | $ | 8,000 |
| 4397 | $ | 110,000 |
| 4463 | $ | 340,000 |
| 4464 | $ | 100,000 |
| 2481 | $ | 45,000 |
| 2482 | $ | 30,000 |
| 2483 | $ | 84,512 |
| 2484 | $ | 150,000 |
| 2485 | $ | 100,000 |
| 2486 | $ | 25,000 |
| wire | $ | 1,099,451 |
| Mortgage | $ | 1,469,477  Including the July Payment |
| wire | $ | 21,500 |
| Total | $ | 4,024,940 |
| | | |
| Contarct | $ | 2,025,000 |
| Rider | $ | 2,000,000 |
| Total | $ | 4,025,000 |